TORRUELLA, Circuit Judge
(Concurring).
I agree with the majority’s result and its reasoning that we need not reach the ques *257 tion of law regarding waiver of appellant s Law 80 claim.
However, I concur to briefly note my disagreement with the majority’s conclusion that Section 185i—Law 80’s anti-waiver provision—is ambiguous. In my view, a plain reading of that provision indicates a categorical prohibition on the waiver, by contract, of an employee’s Law 80 rights to compensation, prospective or accrued, including post-termination and in the extrajudicial settlement context. The statute refers generally to the rights of employees who are “discharged,” in the past tense, as coming within the coverage of those who cannot waive receipt of compensation, indicating that contracts made by employees vested with accrued rights are invalid if they contain waivers of those rights. Further, the right that “is hereby declared to be unwaiveable” is not conditioned or modified, supporting a reading of categorical unwaiveability. Finally, the provision declares that “any” contract waiving the right to compensation due under Law 80 shall be null and void. The use of such a categorical term includes all contracts within its scope, rejecting any differentiation between pre- and post-termination contracts.
Since, as stated, we need not reach this issue at this stage, I leave the interpretation of Section 185i’s scope to the Puerto Rico Supreme Court.